IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PETER KIEWIT SONS', INC., | ) | Case No. 8:21-CV-_____ |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES AND DEMAND FOR JURY TRIAL** |
| KIEWIT CONSTRUCTION, L.L.C., MICHAEL ALLEN HENDRICKSEN, | ) ) ) | |
| Defendants. | ) | |

COMES NOW Plaintiff, Peter Kiewit Sons', Inc., by and through its undersigned counsel, and for its Complaint against Defendants, Kiewit Construction, L.L.C. and Michael Allen Hendricksen, states and alleges as follows:

## THE PARTIES

1. Plaintiff, Peter Kiewit Sons', Inc. ("Kiewit"), is a Delaware corporation with its principal place of business in Omaha, Douglas County, Nebraska. Kiewit is a well-known construction and engineering company and is the legal and beneficial owner of the service mark, "Kiewit", U.S. Service Mark Registration Number 2569239.

2. Defendant, Kiewit Construction, L.L.C. ("Defendant KC"), is a South Dakota limited liability company.

3. Defendant Michael Allen Hendricksen ("Hendricksen") is a resident of South Dakota and is the President and owner of Defendant KC.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under: 15 U.S.C. § 1121 (actions arising under the Lanham Act); 28 U.S.C. § 1338(a) (any act of Congress

relating to trademarks); 28 U.S.C. § 1338(b) (any claim of unfair competition joined with a trademark claim); 28 U.S.C. § 1331(a) (federal question jurisdiction).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(2).

## FACTUAL BACKGROUND

6. Kiewit is a Fortune 500 company and one of North America's largest construction and engineering organizations. Kiewit has invested significant time and money in developing and promoting the "Kiewit" name and creating and maintaining goodwill associated with the service mark and services provided under the "Kiewit" name ("Kiewit Mark").

7. To protect the assets associated with its business, goodwill and reputation, Kiewit applied for and received U.S. Service Mark Registration Number 2,569,239 for "Kiewit" ("Reg. No. 2,569,239") from the United States Patent and Trademark Office on its principal register. Reg. No. 2,569,239 notes the Kiewit Mark was first used in commerce in 1884 and explicitly covers construction services for residential buildings and maintenance of residential and commercial buildings. A true and correct copy of Reg. No. 2,569,239 is attached hereto as Exhibit "A" and incorporated by this reference.

8. As a result of Kiewit's widespread use of the Kiewit Mark, the extensive advertising and promotion of Kiewit services, and the exceptional marketplace acceptance of those services, the Kiewit Mark has come to be recognized by the general consuming public of the United States as identifying Kiewit as the source and origin of such services and distinguishing Kiewit's services from others.

9. Hendricksen filed Articles of Organization with the South Dakota Secretary of State to form Defendant KC on or about March 22, 2021.

10. Upon information and belief, Hendricksen has provided residential construction services in and around Sioux Falls, South Dakota under the service mark "KIEWIT CONSTRUCTION" since at least November 2, 2020 and has done so through Defendant KC since approximately March 22, 2021.

11. Upon information and belief, Hendricksen was aware of Reg. No. 2,569,239, the Kiewit Mark, and the tremendous goodwill associated with the Kiewit Mark when he began using the "KIEWIT CONSTRUCTION" mark and formed Defendant KC.

12. Kiewit has never authorized Hendricksen, Defendant KC, or any other individual to use the Kiewit Mark in relation to Defendant KC or the "KIEWIT CONSTRUCTION" mark.

13. On or about June 21, 2021, Kiewit received a call to its support hotline from an individual reporting that she had met Hendricksen through a dating application and that he told her he owns "Kiewit." The individual reported that Hendricksen later provided her with screenshots of Defendant KC documents and an American Bank & Trust credit card issued to "Michael A. Hendricksen Kiewit Construction LLC."

14. On or about June 24, 2021, Kiewit sent a letter to Defendant KC notifying it of Defendants' infringement on the Kiewit Mark and demanding that it cease and desist from future use of the Kiewit Mark with the marketing, sale, distribution, and identification of its services.

15. On or about July 4, 2021, Hendricksen sent an e-mail to Kiewit from the address, "kiewitconstructionsiouxfalls@gmail.com." He represented that Defendants' use of "KIEWIT CONSTRUCTION" mark would be ceased immediately, and that he had filed a "change of name" for Defendant KC with the state and federal government, along with other measures, to end the infringement on the Kiewit Mark.

16. On or about July 20, 2021, Kiewit received an e-mail from an attorney representing Sherwin Williams requesting payment from Kiewit on a past due account. The invoices provided with the e-mail, however, listed the account holder as "Kiewit Construction Inc." with an address nearly identical to the address Hendricksen registered for Defendant KC with the South Dakota Secretary of State. The date of the invoices also preceded the formation of Defendant KC and listed the purchaser as "Mike."

17. In early August, 2021, Kiewit received an invoice dated May 28, 2021 from Sunbelt Rentals. The invoice was issued to Defendant KC regarding a construction job in Chester, South Dakota. It notes that the rental request was made by Michael Hendrickson, which Kiewit believes refers to Hendricksen.

18. From July 13, 2021 through August 13, 2021, Kiewit had continued e-mail communications with Hendricksen over the "kiewitconstructionsiouxfalls@gmail.com" address. Kiewit remained concerned that no registration changes for Defendant KC were shown to have occurred with the South Dakota Secretary of State on its website. Hendricksen continued to represent he had submitted the name change and a "doing business as" form, and he stated that there was nothing more he could do.

19. On or about August 17, 2021, a negative review was posted for Defendant KC on homeadvisor.com stating that it failed to complete a construction project it had started, resulting in litigation.

20. On or about August 18, 2021, Kiewit caused another cease and desist letter to be sent to Defendants regarding their use of the Kiewit Mark.

21. On or about August 31, 2021, Kiewit received a voicemail complaint through its hotline from a Defendant KC customer who believed that Hendricksen and Defendant KC were affiliated with Kiewit. The caller reported that she was dissatisfied with her experience with Hendricksen, that his conduct was harming Kiewit's reputation in the Sioux Falls, South Dakota area, and that she had made a report to the South Dakota Better Business Bureau.

22. To date, the South Dakota Secretary of State's website does not show any registration changes for Defendant KC.

23. Defendants' infringing acts have been and continue to be committed willfully and with full knowledge of the Kiewit Mark and Kiewit's rights.

## COUNT I – FEDERAL SERVICE MARK INFRINGEMENT

24. Kiewit realleges and incorporates by reference the allegations contained in Paragraphs 1 through 23 above as if fully set forth herein.

25. As shown above, Defendants' deliberate, knowing, and unauthorized reproduction, counterfeit, copy, and/or colorable imitation of the Kiewit Mark for use in commerce in connection with the sale and offering for sale of services under the "KIEWIT CONSTRUCTION" mark has and is likely to cause confusion, to cause

mistake, or to deceive consumers, in violation of §§ 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a).

26. Defendants' service mark infringement has caused and will cause irreparable injury and damage to Kiewit's business, reputation and goodwill. Kiewit has no adequate remedy at law.

## COUNT II – FEDERAL UNFAIR COMPETITION, FALSE ASSOCIATION, AND/OR FALSE ENDORSEMENT

27. Kiewit realleges and incorporates by reference the allegations contained in Paragraphs 1 through 26 above as if fully set forth herein.

28. As shown above, Defendants' deliberate, knowing, and unauthorized use of the Kiewit Mark in commerce in connection with the sale and offering for sale of services under the "KIEWIT CONSTRUCTION" mark has and is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Kiewit, or as to the origin, sponsorship, or approval of Defendants' services by Kiewit, in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

29. Defendants' violations have caused and will cause irreparable injury and damage to Kiewit's business, reputation and goodwill. Kiewit has no adequate remedy at law.

## COUNT III – FEDERAL SERVICE MARK DILUTION

30. Kiewit realleges and incorporates by reference the allegations contained in Paragraphs 1 through 29 above as if fully set forth herein.

31. Kiewit is the legal and beneficial owner of the inherently distinctive and famous Kiewit Mark.

32. The Kiewit Mark acquired its famous status long before Defendants commenced their use of the "KIEWIT CONSTRUCTION" mark in or about March, 2021.

33. As shown above, Defendants' deliberate, knowing, and unauthorized use of the Kiewit Mark in commerce in connection with the sale and offering for sale of services under the "KIEWIT CONSTRUCTION" mark has and will continue to impair the distinctiveness of the Kiewit Mark and harm the reputation of the Kiewit Mark, in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

## PRAYER FOR RELIEF

WHEREFORE, Kiewit requests the following relief:

(a) Kiewit requests that the Court, preliminarily during the pendency of this action and thereafter permanently, enjoin Defendants, their directors and officers, principals, agents, servants, employees, successors and assigns, and all other persons in active concert or privity with Defendants from using the "KIEWIT CONSTRUCTION" mark or any other mark confusing similar to the Kiewit Mark and otherwise engaging in any further acts of unfair competition, infringement and/or dilution of the Kiewit Mark, pursuant to 15 U.S.C. §§ 1116(a) and 1125(c)(1).

(b) Kiewit is entitled to and seeks recovery of its actual damages in an amount to be proven at trial, including but not limited to any and all damages caused to the Kiewit Mark and brand by reason of Defendants' wrongful conduct, pursuant to 15 U.S.C. § 1117.

(c) Kiewit demands an accounting by Defendants of their wrongful conduct herein described and of the gross profits attributable to the wrongful conduct.

(d) Kiewit is entitled to and seeks recovery of all of Defendants' profits, direct and indirect, attributable to their wrongful conduct, pursuant to 15 U.S.C. § 1117.

(e) Kiewit is entitled to and seeks recovery of its costs and attorneys' fees, pursuant to 15 U.S.C. § 1117.

(f) Kiewit requests that the Court find Defendants' use or designation of the Kiewit Mark was intentional and willful, entitling Kiewit be awarded treble damages, or statutory damages at Kiewit's election, and attorneys' fees, pursuant to 15 U.S.C. § 1117(b) and (c).

(g) Kiewit requests judgment in its favor, and against Defendants, as herein described.

(h) Kiewit seeks any and all further relief the Court deems fair and just.

## JURY DEMAND

Kiewit demands a jury trial as to all triable issues in this action and requests that trial be held in Omaha, Nebraska.

DATED this 23rd day of September, 2021.

PETER KIEWIT SONS', INC., Plaintiff.

BY: */s/ Michael F. Coyle*
Michael F. Coyle, #18299
Karson S. Kampfe, #26054
Fraser Stryker PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102-2663
(402) 341-6000
mcoyle@fraserstryker.com
kkampfe@fraserstryker.com
*Attorneys for Plaintiff*

2650503v3